TOLLESON *v.* JENNINGS.

Opinion delivered January 19, 1895.

*Guaranty—Contribution.*

> Plaintiffs, defendants and others, being stockholders in a corpo-
> ration, executed a bond, whereby each agreed, in proportion to
> the number of his shares, to contribute ratably to re-imburse
> plaintiffs for any liability which they might incur by reason
> of the corporation's failure to pay a note which plaintiffs had
> indorsed.    When the note fell due, the corporation was unable
> to pay the money.    Plaintiffs and certain other stockholders
> contributed amounts in proportion to their stock, and the note

was paid therewith. Defendants did not contribute any thing. In a suit upon the bond, *held*, that, as plaintiffs were not compelled, as indorsers, to pay the note, defendants were not liable to them on the bond for a proportionate contribution toward its payment.

Appeal from Franklin Circuit Court, Ozark District.

HUGH F. THOMASON, Judge.

STATEMENT BY THE COURT.

Appellees sued on the following obligations:

"We acknowledge ourselves indebted to W. W. Jennings, M. B. Conatser, J. B. Carter, B. W. Webb, M. F. Greer, John Nichols and L. R. A. Wallace in the sum of $5500, for the payment of which, well and truly to be made, we bind ourselves, our heirs, excutors and administrators, firmly by these presents. Conditioned, however, as follows: Whereas, on the 1st day of May, 1888, the Ozark Canning Company, (a corporation under the laws of Arkansas, located at Ozark, in said State), executed its promissory note to the Boatmen's Bank, of St. Louis, Mo., for the sum of $5000 at 8 per cent. interest per annum from date till paid, and due the 1st day of November, 1888, and payable at said bank, executed by the president of said Canning Company, and countersigned by the secretary thereof, under proper authority from the directors of said company at a lawful meeting; and whereas, the said M. B. Conatser, J. B. Carter, B. W. Webb, M. F. Greer, John Nichols, L. R. A. Wallace and W. W. Jennings, to secure the loan for which said note was executed, were required to and did indorse said note individually; and whereas, we are the holders and owners of stock in said company. Now, if, at the time aforesaid when said note shall become due, the said company fail to pay the same, with interest, or fail to pay any part thereof, so that the said indorsers shall become liable as such, and shall pay the same so

due, and thereafter, within a reasonable time, not, however, to exceed ten days, we, severally, shall contribute ratably according to the number of our respective shares of the stock aforesaid, so that the aggregate of the contribution shall be sufficient to re-imburse the indorsers aforesaid, then this obligation shall become void; otherwise to remain in full effect." And on June 1, 1888, the same parties signed a similar obligation, conditioned for the re-imbursement of appellees as indorsers on a $3000 note of said Canning Company.

The bill alleged that complainants, as indorsers, were compelled to pay said notes. The prayer was for an account to be stated between complainants and defendants, and for a decree for the sum found due appellees.

The answer denied that complainants paid the notes of the Ozark Canning Company, but on the contrary allege that the company paid the notes.

The case was tried upon the following agreed state of facts, viz: "On the 24th day of April, 1888, the defendants, J. T. Tolleson, John Nichols and J. D. Benz, signed the obligation 'Exhibit A' to plaintiff's complaint, and on the 1st day of June, 1888, they signed the obligation 'Exhibit B' to said complaint attached hereto. When the said notes mentioned in said obligations fell due, the Canning Company had not the ready money to pay them, and the secretary notified all the signers of the obligations of that fact, and called upon them to contribute, as per said bonds, as much as the face value of their stock in the company to aid in paying off the notes. Most all of the stockholders paid into the hands of the secretary the amounts called for, and these plaintiffs paid in, for the purpose aforesaid, as follows: W. W. Jennings, $625; M. B. Conatser, $500; J. B. Carter, $250; B. W. Webb, $500; L. R. A. Wallace, $625; M. F. Greer, $200. The secretary of the Can-

ning Company then used this money so paid, and discharged the two notes aforesaid, neither of the plaintiffs paying anything toward the discharge of said notes, except the amounts and in the manner above stated. The amount so paid by plaintiffs was the face value of their stock, except that M. F. Greer owned $300 stock, and paid $200. Of the other stockholders who signed said obligations the following paid the amount of the face value of their stock into the hands of said secretary, as follows: (Here follows list of names and amounts.) The following stockholders failed to pay: (Here follows list of names and amounts.)

At the time of the payments to the secretary as aforesaid by the plaintiffs and the other stockholders, the Canning Company had property subject to execution of the value of more than the principal and interest of both of said notes, but did not have cash to meet the notes aforesaid.

Summary: Whole amount paid to secretary, including amount paid by plaintiffs, $6100; paid by plaintiffs alone, $2700; whole amount of stock of those signing bonds, $7125; amount for which defendants, Tolleson, Nichols and Berry signed bonds, $375; that is, that is the amount of face value of their stock.

*Ed. H. Mathes* for appellants.

1. Appellees never paid, nor were they called on to pay, the notes upon which they were indorsers. There was no breach, and hence no cause of action.

2. But if they did pay anything, it was voluntary, not compulsory. 56 Vt. 324.

WOOD, J., (after stating the facts.) It does not appear that appellees became liable as indorsers, or were compelled to pay the notes, or any part thereof, mentioned in the obligation sued on. There was, there-

fore, no cause of action in favor of appellees against appellants, and the bill should be dismissed for want of equity. It is so ordered.

Reversed.